UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2008 APR 22 P 2:5'

U.S. DISTRICT COURT
NEW HAVEN, CT

N-06-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 3:08CR107AVC |
| -vs- | : | |
| | : | |
| ROBERT P. KNOWLES | : | VIOLATIONS: 18 U.S.C. § 1001 (False Statements) |

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE AND TWO

At all relevant times:

1. Druck, Inc. ("Druck"), New Fairfield, Connecticut was a wholly-owned subsidiary of Druck Holdings, Leicester, England. The defendant, ROBERT P. KNOWLES, was president of Druck.

2. Druck produced the Air Data Test System ("ADTS"), a pressure measurement and sensor device that measures the accuracy of aircraft cockpit instruments, among them being those that show altitude, air speed, rate of climb and engine pressure.

3. Druck sold ADTSs for military and commercial use.

4. Among Druck's customers was the Government of Israel, Ministry of Defense ("IMOD").

5. Sales of ADTSs by Druck to the IMOD were financed through Foreign Military Financing ("FMF") under the direction of the United States Department of Defense ("DoD"), Defense Security Cooperation Agency ("DSCA").

6. In FMF, The President of the United States is authorized to finance the procurement of defense articles, defense services and design and construction services by friendly foreign countries and international organizations.

7. Agent commissions and contingent fees are not permitted to be paid by a United States business in connection with a sale made to a foreign government that is financed by FMF.

8. The DSCA required that an IMOD purchase order to a United States business providing goods or services, including Druck, state, in substance, that the vendor must maintain records pertinent to the purchase order and sale for a period of time for inspection by a representative of the United States Government.

9. The DSCA further required that an IMOD purchase order sent to a United States business, including Druck, recite the certification "Seller represents and warrants that no element of the order includes any commission or other contingent fees."

10. Two officers of a United States business, including Druck, were required to sign an IMOD purchase order acknowledging and accepting the purchase order in accordance with the terms and conditions set forth therein, including the certifications, and to return the signed purchase order to the IMOD.

11. On or about the date set forth in each count below, in the District of Connecticut, ROBERT P. KNOWLES, the defendant herein, knowingly did make a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, the United States Department of Defense, that is, in connection with the sales of ADTSs to the IMOD, the defendant did sign an IMOD purchase order, identified in each count below, thereby representing and warranting as to each that "no element of the Order includes any commissions or other contingent fees", whereas in truth and in

fact, as the defendant well knew and believed, a commission was included in the sale price of the two ADTSs sold pursuant to the purchase order identified in count one, and the sale price of the one ADTS sold pursuant to the purchase order in count two, which commissions were to be paid to an agent of Druck.

| Count | Date | Purchase Order Number |
|---|---|---|
| One | August 29, 2002 | 400/02131-05 |
| Two | February 26, 2003 | 402/21145-03 |

In violation of Title 18, United States code, Section 1001.

A TRUE BILL

FOREPERSON

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT U. S. ATTORNEY

CALVIN B. KURIMAI
ASSISTANT U. S. ATTORNEY